IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CIVIL NO. 10-00080 JMS KSC |
| ) | |
| Plaintiff, ) | |
| ) | FINDINGS AND RECOMMENDATION TO |
| vs. ) | GRANT PLAINTIFF UNITED STATES' |
| ) | MOTION FOR ENTRY OF DEFAULT |
| STEVEN KAWILA DUTRO, JR.; ) | JUDGEMENT AND DECREE OF |
| URSULA NISHIOKA DUTRO; ) | FORECLOSURE (DOC. NO. 21) |
| CITY AND COUNTY OF HONOLULU; ) | |
| BENEFICIAL HAWAII, INC.; ) | |
| ASSOCIATION OF APARTMENT ) | |
| OWNERS OF IAO PARKSIDE; ) | |
| JOHN DOES 1-5; and DOE ) | |
| ENTITIES 1-5, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF
UNITED STATES' MOTION FOR ENTRY OF
DEFAULT JUDGMENT AND DECREE OF FORECLOSURE (DOC. NO. 21)

This cause came before the Court on Plaintiff United States of America's Ex Parte Motion for Entry of Default Judgment and Decree of Foreclosure (Doc. No. 21) (the "Motion"), which was filed herein on October 14, 2010. Prior to the filing of the Motion, the Court had entered defaults against Defendants Steven Kawila Dutro and Ursula Nishioka Dutro (collectively "Defendants Dutro"), Defendant Association of Apartment Owners of Iao Parkside ("Defendant AOAO"), and Defendant Beneficial Financial I[1] ("Defendant Beneficial") for failure to plead or

---

[1] By Order dated May 20, 2010, the Court substituted Beneficial Financial I Inc. for Beneficial Hawaii, Inc. as the real party in interest in this matter. See Doc. No. 11.

otherwise defend against the Complaint and Plaintiff United States had voluntarily dismissed Defendant City and County of Honolulu ("Defendant County").

The Motion was set for hearing on November 23, 2010, before the Honorable Kevin S. C. Chang.  At the November 23, 2010 hearing, Assistant United States Attorney Rachel Moriyama appeared for Plaintiff.  No other parties appeared at the hearing, and none of the above-named defendants responded to the Motion or contacted the Court or Plaintiff with regard to this case.  After careful consideration of the Motion and the pleadings filed herein, and the relevant legal authority, this Court HEREBY FINDS AND RECOMMENDS AS FOLLOWS:

1.  This foreclosure action was filed on February 16, 2010, and the real property that is subject to this foreclosure action is located at 70 Kapi Lane, #14-103, in Wailuku, Maui, Hawaii, and designated as Tax Map Key No. (2)3-4-030-014(CPR 0127) (hereinafter referred to as the "Subject Property").

2.  Copies of the Complaint and Summons were duly served upon Defendants Dutro, Defendant County, Defendant AOAO and Defendant Beneficial.  See Doc. Nos. 5-8, 10-11, 14.

3.  No entitled person or entity, except Defendant City and County of Honolulu, filed any claim or answer within the time fixed by law.

    4.    The Clerk entered the default of Defendants Dutro and Defendant AOAO on May 21, 2010.  <u>See</u> Doc. No. 12.

    5.    The Clerk entered the default of Defendant Beneficial on July 7, 2010.  <u>See</u> Doc. No. 18.

    6.    Plaintiff and Defendant County executed a stipulation to voluntarily dismiss Defendant County from this action, which was approved and entered by the Court on July 12, 2010.  <u>See</u> Doc. No. 19.

    7.    The allegations contained in the Complaint are taken as admitted.

    8.    Defendants Dutro are in default under the terms of the Note, Mortgage, and Mortgage Modification Agreement described in the Complaint, all of which are currently held by Plaintiff.  As of October 14, 2010, the principal amount due and owing on the Note and Mortgage was $119,296.04 (together with interest thereupon to be determined at the hearing confirming the sale of the Subject Property).  <u>See</u> Luke Decl. at ¶ 9.

Based upon the foregoing, and being otherwise fully apprised in the matter, THIS COURT HEREBY RECOMMENDS THAT THE FOLLOWING BE ORDERED, ADJUDGED AND DECREED:

    1.    Plaintiff's Motion for Entry of Default Judgment and Decree of Foreclosure is granted.

    2.    Plaintiff's Note, Mortgage and Mortgage Modification Agreement described above and currently held by

Plaintiff shall be and are hereby foreclosed as prayed, and the Subject Property shall be sold at public auction, without an upset price.  Such sale of the Subject Property shall not be final until approved and confirmed by the Court.  The Court hereby reserves the question of the exact amount (including interest) of the indebtedness secured by Plaintiff's Mortgage.

      3.   The Commissioner as appointed herein by the Court shall sell the Subject Property within four (4) months after the Commissioner is notified of this Default Judgment and Decree of Foreclosure.  The Commissioner shall hold all proceeds of the sale of the Subject Property in an interest bearing account to the credit of this cause subject to the directions of this Court.  Upon payment according to such directions, the Commissioner shall file an accurate accounting of the Commissioner's receipts and expenses.

      4.   **LYLE S. HOSODA, ESQ.**, whose address is 345 Queen Street, Suite 804, Honolulu, Hawaii 96813, is hereby appointed by this Court as Commissioner, and as Commissioner shall henceforth sell the Subject Property at foreclosure sale to the highest bidder at the Commissioner's sale by public auction, without an upset price, after first giving notice of such sale by publication in at least one newspaper regularly issued and of general circulation in the District of Hawaii.  Said notice shall be published once a week for at least four (4) consecutive weeks,

with the auction to take place no sooner than fourteen (14) days after the publication of the fourth advertisement.  Said notice shall give the date, time, and place of the sale and an intelligible description of the Subject Property, including any improvements.  The Commissioner shall have further authority to continue the sale from time to time at the Commissioner's discretion.  In the event that the Commissioner refuses, or becomes unable, to carry out his duties set forth herein, the Court shall appoint another without further notice of hearing.

   5. The Commissioner shall sell the Subject Property by foreclosure sale in its "AS IS" condition, without any representations or warranties whatsoever as to title or possession.

   6. The Commissioner and all persons occupying the Subject Property shall allow reasonable access to view the Subject Property, on a minimum of two (2) separate days prior to the sale of the Subject Property, by means of an open house or other reasonable means.

   7. The fee of the Commissioner shall be such as the Court deems just and reasonable, together with actual and necessary expenses incurred in the sale of the Subject Property.

   8. The sale so made and confirmed shall perpetually bar Defendants Dutro, Defendant AOAO and Defendant Beneficial, and all persons and parties claiming by, through or under

Defendants Dutro, Defendant AOAO and Defendant Beneficial, except for governmental authorities enforcing liens for unpaid real property taxes, from any and all right, title and interest in the Subject Property or any part thereof.

        9.    Plaintiff United States and all other parties are hereby authorized to purchase the Subject Property at the foreclosure sale.  The successful bidder at the foreclosure sale shall be required at the time of such sale to make a down payment to the Commissioner in an amount no less than ten percent (10%) of the highest successful price bid, such payment to be in cash, certified check or cashier's check, provided that should Plaintiff United States be the high bidder, it may satisfy the down payment by way of offset up to the amount of its secured debt.  The balance of the purchase price must be paid in full at the closing of the sale, which shall take place thirty-five (35) days after the entry of the order confirming the sale.  If the bidder fails to fulfill this requirement, the down payment shall be forfeited and applied to cover the cost of sale, including the Commissioner's fee, with any amount remaining to be returned to the bidder.  Such payment is to be in cash, certified check or cashier's check, provided that should Plaintiff United States be the high bidder, it may satisfy the balance of the purchase price by way of offset up to the amount of its secured debt, as discussed above, as appropriate.  Costs of conveyancing,

including preparation of the conveyance document, conveyance tax, securing possession of the Subject Property, escrow services, and recording of such conveyance, shall be at the expense of the purchaser.

10.  Pending the sale of the Subject Property, Defendants Dutro shall take all reasonable steps necessary to preserve the Subject Property (including all buildings, improvements, fixtures and appurtenances on the property) in its current condition.  Defendants Dutro shall not commit waste against the Subject Property, nor shall they cause or permit anyone else to do so.  Defendants Dutro shall not do anything that tends to reduce the value or marketability of the Subject Property, nor shall they cause or permit anyone else to do so. Defendants Dutro shall not record any instruments, publish any notice, or take any other action (such as running newspaper advertisements or posting signs) that may directly or indirectly tend to adversely affect the value of the Subject Property or that may tend to deter or discourage potential bidders from participating in the public auction, nor shall they cause or permit anyone else to do so.

11.  All persons occupying the Subject Property shall leave and vacate the Subject Property permanently within sixty (60) days of the date of this Decree, each taking with them their personal property (but leaving all improvements, buildings,

fixtures and appurtenances to the Subject Property).  If any person fails or refuses to leave and vacate the Subject Property by the time specified in this Decree, the Commissioner is authorized and directed to take all actions that are reasonably necessary to bring about the ejectment of those persons, including obtaining a judgment for possessions and a writ of possession.  If any person fails or refuses to remove his or her personal property from the premises by the time specified herein, any personal property remaining on the Subject Property thereafter shall be deemed forfeited and abandoned, and the Commissioner is authorized to remove and dispose of such personal property in any manner the Commissioner sees fit, including sale; in which case the proceeds from such sale shall be applied first to the expenses of sale and the balance shall be paid into the Court for further distribution.

      12.  When the sale of the Subject Property is confirmed by this Court, the State of Hawaii, the Hawaii State Land Court, and the Hawaii State Bureau of Conveyances shall permit the transfer of the Subject Property to be reflected upon register of the title.

      13.  The procedures set out herein for the sale of the Subject Property may be supplemented with the practices and procedures in the State of Hawaii and Section 667 of the Hawaii Revised Statutes.

14. The Court reserves jurisdiction to determine the party or parties to whom any surplus shall be awarded herein.

15. At the hearing to confirm the sale of the Subject Property, if it appears that the proceeds of such sale shall be insufficient to pay all amounts which are valid lien claims against Defendants Dutro and a deficiency exists, judgment shall be entered for such deficiencies against Defendants Dutro and in favor of Plaintiff United States as appropriate.

DATED: _Honolulu, Hawaii, January 14, 2011.



_____
Kevin S.C. Chang
United States Magistrate Judge

United States of America v. Dutro, et al.; Civil No. 10-00080 KSC; "Findings and Recommendation to Grant United States' Motion for Entry of Default Judgement and Decree of Foreclosure (Doc. No. 21)"